CONVERSE *v.* WALLACE.

APPEAL—VERDICT—QUESTIONS OF FACT.
   The jury having found the issues of fact for the plaintiff, judgment in his favor was affirmed on appeal.

Error to Hillsdale; Chester, J. Submitted October 12, 1900. Decided November 13, 1900.

*Assumpsit* by Nelson Converse against John Wallace for board furnished at defendant's request. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. A. Shepard* and *B. E. Sheldon,* for appellant.

*Frankhauser & Cornell,* for appellee.

MOORE, J. The plaintiff is the husband of a stepdaughter of Catherine Wallace. The father of the defendant was in his lifetime the husband of Catherine Wallace, and the defendant is her stepson. At the death of the older Wallace he left a farm, the use of which he gave to Catherine Wallace during her lifetime. In August, 1894, Mrs. Wallace gave to the defendant a power of attorney, authorizing him to collect the rent of the farm, and this power of attorney continued until the last of March, 1897. In August, 1896, Mrs. Catherine Wallace was making her home at the house of Mrs. Quilhot, her adopted daughter. The plaintiff and his wife, after making a visit at Quilhot's, took Mrs. Wallace home with them for a visit; they expecting her to remain over the following Sunday. On account of sickness in the family of the plaintiff, Mrs. Wallace was not taken home for a few days, and Mrs. Quilhot wrote the wife of plaintiff that her husband was sick, and that she could not have Mrs. Wallace back again, and refused to receive her. It is the claim of plaintiff that soon after that he saw the defendant and told him he could not afford to keep Mrs. Wallace, and that defendant agreed that if he would keep her he would pay the plaintiff for doing so. It is also the claim that afterwards Mr. Davis was appointed to act for Mrs. Wallace, and to take charge of the farm and property thereon, and turned over to the defendant a quantity of personal property; the defendant agreeing to pay the plaintiff and to pay other debts. Both of these claims of the plaintiff are disputed by the defendant. The plaintiff brought suit in justice's court to recover for 9½ weeks' board, at $2 a week, furnished Mrs. Wallace. He recov-

125 MICH.—18.

ered a judgment.  The case was appealed to the circuit court, where, after a jury trial, he again recovered a judgment, and the case is brought here by writ of error.

The case is very thoroughly briefed and is very zealously argued by counsel.  The principal questions involved were questions of fact, about which there was a dispute. There is no new question of law involved.  The case was carefully tried and fairly submitted to the jury by the trial judge.  We do not think it would profit any one to discuss the questions raised by the briefs.  We do not discover any error in the proceedings.

The judgment is affirmed.

The other Justices concurred.